**FILED**
**U.S. District Court**
**District of Kansas**
07/06/2026

**Clerk, U.S. District Court**
By: SND Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JUSTIN JADE COLLINS,

     **Petitioner,**

  v.             **CASE NO. 26-3139-JWL**

BILLY TOMASI, et al.[1],

     **Respondents.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

This is a pro se petition for writ of habeas corpus (Doc. 1) filed pursuant to 28 U.S.C. § 2241 by Petitioner Justin Jade Collins, a pretrial detainee being held at the Crawford County Jail in Girard, Kansas. Petitioner has filed a motion for leave to proceed in forma pauperis (Doc. 2), which will be granted. For the reasons set forth below, the petition in this matter is subject to dismissal in its entirety. Petitioner will be required to show good cause, in writing, why this action should not be dismissed.

### Rule 4 Screening

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears

---

[1] In addition to Billy Tomasi, Sheriff of Crawford County, Petitioner has named Jason Vanbecelaere, Reina Prober, Christina Lloyd, and Gregory Gordon as Respondents in this action, but the proper respondent in a federal habeas action by a state prisoner is the person who has custody over the petitioner. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[I]n habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held."); 28 U.S.C. §§ 2242 (stating that the petition "shall allege . . . the name of the person who has custody over" the petitioner) and 2243 ("The writ . . . shall be directed to the person having custody of the person detained."). Thus, Billy Tomasi, the current Sheriff of Crawford County, Kansas, where Petitioner is confined in the Crawford County Jail, is the only proper Respondent, and the other named Respondents are hereby dismissed pursuant to Rules 1(b) and 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

1

from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C.A. foll. § 2254. Rule 1(b) authorizes district courts to apply the Rules to habeas petitions not brought under § 2254, such as those brought under § 2241. Because Petitioner is proceeding pro se, the Court liberally construes the petition, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). It "'may not rewrite a petition to include claims that were never presented.'" *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021) (citation omitted).

## The Petition (Doc. 1)

As noted above, Petitioner is a pretrial detainee. (Doc. 1, p. 1.) He is currently detained on three criminal cases, and he was arrested in March 2026. *Id.* at 2. In the petition now before this Court, he asserts four grounds for relief, which contain repetitious allegations. In Ground One, he asserts that he was subjected to pretrial punishment in violation of the Fourteenth Amendment. *Id.* at 6. As supporting facts for Ground One, Petitioner states that upon arrest, he was "immediately placed in punishment where I was kept for 8 days 24/7 no hour out, no hygiene given, after 3 days, and after first formal charging, Sheriff Tomasi, w/out Mirandizing me, w/out counsel present, w/out consent of counsel (counsel wasn't even assigned) came into cell interrogated me about alleged 'threatening of such a pretty girl,' did not advise me of my rights under Miranda law, and that combined w/ 8 days punishment w/ no Due Process for punishment or [illegible] is Double Jeopardy." *Id*.

In Ground Two, Petitioner asserts violation of the Fifth and Sixth Amendments. As supporting facts, Petitioner states, "No counsel assigned after first formal charging, no counsel

present, no consent of counsel, was punished for 8 days for unknown reasons, no written notice of why, no Due Process afforded by Sheriff interrogating me in 24/7 isolation punishment, no Miranda warning issued by Sheriff.  24 days until counsel appointed, no bond, no court date set, until 24 days after arrest.  Bond revoked after first 3 days when I was in 8 day punishment." *Id.*

In Ground Three, Petitioner asserts violation of the Fifth Amendment.  *Id.*  As supporting facts for Ground Three, Petitioner argues: "Right to remain silent not preserved when, without Mirandizing me after first formal charging, Sheriff Tomasi entered by isolation cell, where he placed me in punishment, and began interrogating me about crimes alleged." *Id.*

In Ground Four, Petitioner asserts violation of the Eighth Amendment.  *Id.* at 7. As supporting facts for Ground Four, Petitioner states, "Immediately placed in 24/7 punishment. Sheriff emailed all his staff and stated I was violent and needed extra precautions taken when I had been compliant. . . Initially, $250,000 bond on warrants. . . After first formal charging, bond was revoked. . . Was interrogated after bond revoked w/ no assigned counsel, no consent to counsel, no counsel present and w/out Miranda warning." *Id.*

As relief, Petitioner seeks immediate release or "injunction to stop illegal acts and practices by CRSO and Crawford County Jail," as well as "vacate alleged crimes charged." *Id.*

#### Analysis

The Court first notes that 28 U.S.C. § 2241 "is the proper avenue by which to challenge pretrial detention." *See Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007).  However, a plausible claim for relief under § 2241 must assert that the petitioner is in custody in violation of a federal law, federal treaty, or the federal Constitution.  28 U.S.C. § 2241(c)(3).  A petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 commonly "[is] used to attack the execution of a sentence . . . ." *Sandusky v. Goetz*, 944 F.3d 1240, 1246 (10th Cir. 2019).  It may also be used

3

to seek "to compel the State to bring [a pretrial detainee] to trial." *See Smith v. Crow*, 2022 WL 12165390, at *2 (10th Cir. Oct. 21, 2022) (order denying certificate of appealability) (quoting *Dolack v. Allenbrand*, 548 F.2d 891, 893-94 (10th Cir. 1977), which was discussing *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484 (1973)).

Even when they are liberally construed, some of the arguments in the petition do not make this type of assertion. Petitioner does not seek to compel the state to bring him to trial or to attack the execution of a sentence imposed by a state court. Rather, several of Petitioner's asserted grounds for relief argue that the conditions under which Petitioner is being held in custody violate federal laws and/or the federal Constitution. Put another way, Petitioner does not assert that his custody itself violates a federal law, treaty, or the Constitution; he argues that his constitutional rights have been violated while he has been in custody. This is an important distinction.

The Tenth Circuit has explained that "counts relate[d] to the conditions of [the petitioner's] confinement, rather than the fact or length of his confinement, . . . are improperly brought pursuant to 28 U.S.C. § 2241 and should be brought under 42 U.S.C. § 1983." *See Abdulhaseeb v. Ward*, 173 F. Appx. 658, 660 (10th Cir. 2006) (unpublished). Therefore, to the extent that the grounds for relief asserted in the petition are based on allegations that Petitioner's civil rights were violated during his pretrial detention, they must be dismissed.[2]

Because the petition also alleges unconstitutional acts in the ongoing state criminal proceedings against Petitioner, the Court will address the well-established doctrine that federal courts generally should not exercise their power to discharge a person being detained by a state for trial on a state crime, even where the person alleges that the detention is unconstitutional. In 1886, the United States Supreme Court described some very limited circumstances in which such

---

[2] The Court notes that Petitioner currently is pursuing a civil rights action in this Court. *See Collins v. Tomasi*, Case No. 26-cv-3131-JWL.

intervention might be proper, such as when the person is in custody for an allegedly criminal act that was required by federal law or federal court order, when the person is a citizen of a foreign country and is in state custody for an allegedly criminal act done under the authority of that foreign country, when the matter is urgent and involves the United States' relations with foreign nations, or when there is some reason why the state court may not resolve the constitutional question in the first instance. *See Ex parte Royall*, 117 U.S. 241, 251-52 (1886). Otherwise, federal courts must abstain from interfering with the process of state courts. *Id.* at 252 (stating that federal courts' non-interference with state courts "is a principle of right and law, and therefore of necessity").

Nearly a century later, the United States Supreme Court reaffirmed that principles of comity dictate that a federal court generally should not intervene in ongoing state criminal proceedings unless "irreparable injury" is "both great and immediate." *See Younger v. Harris*, 401 U.S. 37, 46 (1971). Under *Younger*, federal courts must abstain when "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997).

If these three circumstances are present, federal abstention is mandatory unless extraordinary circumstances require otherwise. *Brown ex rel. Brown v. Day*, 555 F.3d 882, 888 (10th Cir. 2009) (quoting *Amanatullah v. Co. Bd. of Med. Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999)). Extraordinary circumstances that warrant federal intervention in ongoing state criminal proceedings include cases "'of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction.'" *Amanatullah*, 187 F.3d at 1165. However, a petitioner asserting such circumstances must make "'more than mere allegations of bad faith or harassment.'" *Id.*

More recently, the Tenth Circuit explained that "*Younger* and *Ex parte Royall* are related doctrines."  Both "are based upon 'comity, that is, a proper respect for state functions'" and

> stand for "the requirement that special circumstances must exist before the federal courts exercise their habeas corpus, injunctive, or declaratory judgment powers to stop state criminal proceedings." *Younger* addressed a federal court's equitable power to issue an injunction enjoining state proceedings, while *Ex parte Royall* . . . involved a request for habeas relief.

*Smith v. Crow*, 2022 WL 12165390, *2 (10th Cir. Oct. 21, 2022) (unpublished order denying certificate of appealability) (quoting *Dolack v. Allenbrand*, 548 F.2d 891, 893 (10th Cir. 1977)). Liberally construing the petition now before this Court, Petitioner requests relief that implicates both *Younger* and *Ex parte Royall*:  he asks the Court to order his immediate release, which is habeas relief, and/or to end the prosecutions against him, which is injunctive relief.

Even liberally construing the pro se petition, however, Petitioner does not allege that he has been criminally charged for acts done under the authority of a federal law or foreign government or that his case involves foreign relations, as would remove the case from the circumstances that require abstention under *Ex parte Royall*.  Moreover, the three conditions in *Younger* appear to be satisfied with respect to Petitioner's current criminal cases in state court. The criminal cases against Petitioner are ongoing; the State of Kansas has an important interest in prosecuting crimes charging the violation of Kansas laws, *see In re Troff*, 488 F.3d 1237, 1240 (10th Cir. 2007); and the state courts provide Petitioner the opportunity to present his challenges, including any federal constitutional claims, whether in the district court or, if necessary, on appeal or in further proceedings, *see Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993).

It appears that *Ex parte Royall* and *Younger* require this Court to decline to interfere in the ongoing state court proceedings in Crawford County.  Therefore, even if Petitioner had articulated a plausible ground for habeas relief in his petition, the record now before the Court reflects that *Ex*

*parte Royall* would require this Court to abstain from considering Petitioner's request for habeas relief from his ongoing criminal prosecution in state court.

Petitioner is granted time in which to submit a written response to this order that shows why this matter should not be dismissed. The failure to file a timely response to this order will result in this matter being dismissed without prejudice and without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED** that Billy Tomasi, Sheriff of Crawford County, where Petitioner is confined, is the sole proper Respondent in this matter. The other persons named by Petitioner as respondents are dismissed, and the Clerk is directed to remove their names from the docket.

**IT IS FURTHER ORDERED** that the motion for leave to proceed in forma pauperis (**Doc. 2**) is **granted**.

**IT IS FURTHER ORDERED** that Petitioner is granted to and including **August 6, 2026,** to show cause why this matter should not be dismissed for the reasons set forth in this order.

**IT IS SO ORDERED.**

**DATED:  This 6th day of July, 2026, at Kansas City, Kansas.**

<u>**S/ John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**United States District Judge**