FILED
U.S. District Court
District of Kansas
09/01/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JUSTIN JADE COLLINS,**

**Petitioner,**

**v.** **CASE NO. 26-3139-JWL**

**BILLY TOMASI,**

**Respondent.**

## MEMORANDUM AND ORDER

This matter is a pro se petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner is a pretrial detainee at the Crawford County Jail in Girard, Kansas. The Court granted Petitioner leave to proceed in forma pauperis. Petitioner asserted four grounds for relief in his Petition: 1) being placed in punishment for eight days after his arrest and questioned without counsel and without being Mirandized; 2) not assigned counsel and no bond set until 24 days after his arrest; 3) being questioned without being Mirandized; and 4) being placed in "24/7 punishment" upon his arrest. (Doc. 1, at 6-7.) Petitioner seeks immediate release or an "injunction to stop illegal acts and practices by CRSO and Crawford County Jail," as well as "vacate alleged crimes charged." *Id*. at 7. On July 6, 2026, the Court entered a Memorandum and Order (Doc. 6) ("M&O") granting Petitioner until August 6, 2026, to show good cause why his Petition should not be dismissed without prejudice for the reasons set forth in the M&O. This matter is before the Court on Petitioner's response (Doc. 7).

The Court found in the M&O that some of Petitioner's grounds for relief are improperly brought pursuant to 28 U.S.C. § 2241, instead needing to be brought under 42 U.S.C. § 1983, and

that the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), requires this Court to abstain.

Petitioner argues in his response that "[t]he extraordinary circumstances in this case that warrant federal intervention in the ongoing state criminal proceeding is that the state has repeatedly harassed me and undertaken this prosecution in bad faith without hope of obtaining a valid conviction." (Doc. 7, at 1.) He describes the circumstances of his arrest for two of his pending charges and states that his attorney told him that the state has "no possible way" of convicting him of possession of a firearm and distribution of methamphetamine because the items were found in a Jeep registered to someone else, Petitioner "never had anything that was inside that Jeep or near the Jeep" in his possession, his DNA was not found on the items, and the firearm was stolen before he got out of prison. *Id*. at 3. In his third criminal case, he is charged with three counts of criminal threat. Petitioner alleges that the state's only evidence is text messages from his phone to his wife, but his phone was stolen by "an unknown female" who sent "crazy and threatening messages" to his wife as if he was sending them. *Id*. at 4. He claims that the messages continued after his arrest, and his phone was found in the purse of a woman who was arrested shortly after his arrest. *Id*. Petitioner further claims that his wife sent the prosecutor a statement that she no longer wanted to press charges, but the prosecutor refuses to drop the criminal threat case. *Id*.

As explained in the M&O, federal courts generally should not exercise their power to discharge a person being detained by a state for trial on a state crime, even where the person alleges that the detention is unconstitutional. In 1886, the United States Supreme Court described some very limited circumstances in which such intervention might be proper, such as when the person is in custody for an allegedly criminal act that was required by federal law or federal court order, when the person is a citizen of a foreign country and is in state custody for an allegedly criminal

act done under the authority of that foreign country, when the matter is urgent and involves the United States' relations with foreign nations, or when there is some reason why the state court may not resolve the constitutional question in the first instance. *See Ex parte Royall*, 117 U.S. 241, 251-52 (1886). Otherwise, federal courts must abstain from interfering with the process of state courts. *Id.* at 252 (stating that federal courts' non-interference with state courts "is a principle of right and law, and therefore of necessity").

Nearly a century later, the United States Supreme Court reaffirmed that principles of comity dictate that a federal court generally should not intervene in ongoing state criminal proceedings unless "irreparable injury" is "both great and immediate." *See Younger*, 401 U.S. at 46. Under *Younger*, federal courts must abstain when "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997).

If the three circumstances are present, federal abstention is mandatory, unless extraordinary circumstances require otherwise. *Brown ex rel. Brown v. Day*, 555 F.3d 882, 888 (10th Cir. 2009) (quoting *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999)). Two varieties of "extraordinary circumstances" exist: "(1) where the plaintiff makes a showing of bad faith or harassment by state officials responsible for the prosecution or enforcement action and (2) where the state law or regulation to be applied is flagrantly and patently violative of express constitutional prohibitions." *Id*. at n.4 (citations and internal quotations omitted). However, a petitioner has a "heavy burden" to overcome *Younger* abstention by setting forth "more than mere allegations of bad faith or harassment." *Amanatullah*, 187 F.3d at 1165 (citation omitted).

Here, Petitioner recites the Tenth Circuit's description of extraordinary circumstances in claiming they exist here. However, he has not demonstrated bad faith or harassment, that immediate, significant irreparable injury will occur absent the intervention of this Court, or that his state proceedings do not afford him an adequate opportunity to bring the federal constitutional challenges he raises here. *See Younger*, 401 U.S. at 46; *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997).

Petitioner also attempts to raise a new claim in his response, asserting that he has been "demanding a trial" and his right to a speedy trial has been violated. (Doc. 7, at 6.) The two circumstances when a "defendant would suffer irreparable injury from state trial proceedings if relief could come only after an appeal" are "(1) when the defendant's trial is being delayed in violation of the constitutional right to a speedy trial, and (2) when the current trial would violate the Double Jeopardy Clause." *Winn v. Cook*, 945 F.3d 1253, 1259 (10th Cir. 2019). "*Younger* does not require abstention in the two exceptional circumstances because 'federal intervention is necessary to prevent the challenge from becoming moot.'" *Id.* at 1263 (citation omitted).

However, the speedy trial exception is limited based on the type of relief requested. "A criminal defendant may bring a pre-trial habeas action in federal court pursuant to 2241 to 'demand enforcement of the [State's] affirmative constitutional obligation to bring him promptly to trial.'" *Green v. Simonet*, 1994 WL 83299, at *1 (10th Cir. 1994) (unpublished) (quoting *Braden v. 30th Judicial Cir. Ct. of Kentucky*, 410 U.S. 484, 489–90 (1973)). The Tenth Circuit in *Winn* examined the significance of *Braden* to the *Younger* irreparable-injury exception. *See Winn*, 945 F.3d at 1261. In *Braden*, the Supreme Court upheld the federal district court's order that the State bring the defendant to trial or release him. *Id.* (citing *Braden*, 410 U.S. at 486). However, the Supreme Court distinguished between a request for an order that the defendant be brought to trial and a

request that the state court charges be dismissed. *Id.* A defendant does not face irreparable injury when he seeks dismissal of the charges; he only faces irreparable harm when he seeks an order to be brought to trial. *Id.* at 1261; *see also Green*, 1994 WL 83299, at *1 ("Pre-trial habeas relief is not available to consider a claim that the state is barred from trying petitioner because it violated his Sixth Amendment right to a speedy trial.") (citing *Dickerson v. Louisiana*, 816 F.2d 220, 226 (5th Cir.), *cert. denied*, 484 U.S. 956 (1987)); *Forney v. State of Oklahoma*, 1998 WL 840941, at *1 (10th Cir. 1998) (stating that state pretrial detainee may bring a federal habeas action to demand enforcement of the state's obligation to bring him promptly to trial, but "he may not seek habeas relief to forestall state prosecution altogether") (citation omitted).

Petitioner has not shown that he fits within the limited exception to abstention recognized in *Winn*. Petitioner's request for relief in his Petition seeks immediate release or an "injunction to stop illegal acts and practices by CRSO and Crawford County Jail," as well as an order to "vacate alleged crimes charged." (Doc. 1, at 7.) Petitioner was not seeking to compel the State of Kansas to bring him to trial. Even now, in his response, Petitioner states, "I pray Habeas Corpus be granted, and order my immediate release." (Doc. 7, at 7.) He then adds, "I have compelled the State to take this to trial." *Id.*

Further, Petitioner has failed to show that he raised a speedy trial issue in state court, and a review of available online state court records[1] also does not show that Petitioner has raised the speedy trial issue there. *Cf. Braden*, 410 U.S. at 491 (finding petitioner presented his federal constitutional claim of a present denial of a speedy trial to the state courts and the state courts rejected the claim); *see also Capps v. Sullivan*, 13 F.3d 350, 354 (10th Cir. 1993) (stating that "an

[1] https://casesearch.kscourts.gov; *State v. Collins*, CRG-2026-CR-000062; *State v. Collins*, CRG-2026-CR-000063; *State v. Collins*, CRG-2026-CR-000064.

attempt to force the state to go to trial may be made prior to trial, although state remedies must still be exhausted") (citations omitted).

In fact, Petitioner has not exhausted his state remedies for any of his claims. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254.") (citing *Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (requiring state prisoner bringing federal habeas corpus action to show that he exhausted available state remedies)); *see also Knox v. Sharp*, 818 F. Appx. 817, 818 (10th Cir. 2020) (unpublished) ("Although 'no statutory exhaustion requirement applies to petitions filed pursuant to § 2241, it is well-settled that claims raised in § 2241 petitions must be exhausted before a federal court will hear them.'") (quoting *Burger v. Scott*, 317 F.3d 1133, 1144 n.8 (10th Cir. 2003)); *Madden v. Cleveland Cty.*, 671 F. App'x 725, 726 (10th Cir. 2016) (unpublished) ("And insofar as Plaintiff seeks habeas relief under 28 U.S.C. § 2241 from his prosecution, he is barred for failure to first exhaust available state remedies.") (citing *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010) ("The exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief.")). The burden of proving exhaustion rests with the prisoner. *Madden*, 671 F. App'x at 726 (citing *Olson v. McKune*, 9 F.3d 95 (10th Cir. 1993)).

The United States Supreme Court has long held that before a state prisoner may pursue federal habeas relief on the grounds that his or her federal constitutional rights have been violated, "the federal claim must be fairly presented to the state courts." *See Picard v. Connor*, 404 U.S. 270, 275 (1971). This requirement "reflects a policy of federal-state comity" and is "'an accommodation of our federal system designed to give the State an initial "opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'" *Id.* (citations omitted). In other words, the State must have the first chance to remedy violations of the rights guaranteed to

state prisoners who are sentenced for violations of state law, even when the rights in question are guaranteed by the United States Constitution. *See id.* at 275-76.

In his response, Petitioner also argues that being placed in isolation for eight days upon his arrest without being "booked in" prevented him from paying the $250,000 bond that was initially set. (Doc. 7, at 5.) It appears that the bond was set upon Petitioner's arrest, revoked, and then set again at $250,000 on July 1, 2026. It further appears that Petitioner has not paid the bond in the intervening time and has filed a motion in state court to reduce the bond amount.

As explained in the M&O, Petitioner's complaints about the conditions of his confinement are properly brought in a § 1983 action. It is reasonable to believe that Petitioner has and will have an adequate opportunity to present his federal constitutional challenge to the amount of bail set in his cases via an action seeking habeas relief under K.S.A. 60-1501 in the state district court. *See Smith v. State*, 264 Kan. 348, 355-56 (1998) (holding that in order to preserve for appeal an argument regarding the amount of bail, a criminal defendant must promptly file a writ of habeas corpus and "claim his defense was hampered by his custody status"). If K.S.A. 60-1501 relief is denied, Petitioner may appeal the denial to the state appellate courts. The state courts also provide an adequate opportunity for Petitioner to raise his federal constitutional claims by a motion in his current criminal proceedings or, if he is convicted, on appeal or in post-conviction proceedings. The Tenth Circuit has clearly held that the *Younger* requirement of an adequate opportunity to present in state court the relevant federal constitutional challenges is usually satisfied "'unless state law clearly bars the interposition of the federal statutory and constitutional claims.'" *Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019). There is no state law that bars Petitioner from raising his federal constitutional challenges in the state courts, so *Younger* requires this Court to abstain from deciding Petitioner's challenges.

Although the Court understands Petitioner's frustration at the idea of potentially having to pursue the sometimes lengthy appellate process before obtaining relief on his asserted issues, "[t]he fact that the accused may have to stand trial is not 'an irreparable injury,'" although "[i]t is obviously a heavy burden." *Dolack v. Allenbrand*, 548 F.2d 891, 894 (10th Cir. 1977). "[T]he cost, anxiety, and inconvenience" that comes with being criminally prosecuted does not, without the presence of extraordinary circumstances, allow Petitioner to circumvent the mandate against interference in state criminal proceedings set out in *Younger* and *Ex parte Royall*. *See Kugler v. Helfant*, 421 U.S. 117, 124 (1975); *see also Winn*, 945 F.3d at 1263 ("[T]the burden of having to endure a trial is not—outside the double-jeopardy context—irreparable injury" that takes a case outside of the *Younger* abstention doctrine.).

In summary, the Court has carefully considered the information in the response and construed it liberally due to Petitioner's pro se status. Even doing so, however, the Court maintains its earlier conclusion that none of the circumstances identified in *Ex parte Royall* and all three of the circumstances identified in *Younger* are present here. Because *Younger* abstention is mandatory when all three circumstances are present, the Court concludes that this matter must be dismissed without prejudice.

Rule 11 of the Rules Governing Section 2254 Cases requires the Court to issue or deny a certificate of appealability (COA) upon entering a final adverse order. The Tenth Circuit has held that this requirement also applies to petitions brought under 28 U.S.C. § 2241. *Montez*, 208 F.3d at 869 (holding that the COA requirement applies "whenever a state prisoner habeas petition relates to matters flowing from a state court detention order").

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists

> of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural rulings in this matter are not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is **dismissed without prejudice**. No certificate of appealability will issue.

**IT IS SO ORDERED**.

**Dated September 1, 2026, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**